UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREGORY S. CORBETT
         Plaintiff

v.

CITIBANK (South Dakota), N.A. and
LUSTIG, GLASER & WILSON, P.C.
         Defendants

C.A. No.: 1:2010-cv-10219

## DEFENDANT, LUSTIG, GLASER & WILSON, P.C.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the defendant, Lustig, Glaser & Wilson, P.C. ("LGW"), and hereby responds to plaintiff's complaint as follows:

1.     Paragraph 1 does not contain any factual allegations for which a response is required.

2.     LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 2 and calls upon the plaintiff to prove same.

3.     LGW admits that its mailing address is Post Office Box 9127 in Needham, Massachusetts. Further responding, LGW denies the characterization of it as a "third-party debt collector", but admits that it is a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and further admits that it is subject to the FDCPA. LGW denies that it has engaged, with respect to any account maintained by the plaintiff, in any activity regulated by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

196734.3

4.    LGW denies that it reports to any of the credit reporting agencies listed, but declines to respond to Paragraph 4 to the extent it is directed at CitiBank (South Dakota), N.A. ("CitiBank").

5.    LGW declines to respond to the allegations contained in Paragraph 5 as they contain conclusions of law for which no response is required.

6.    LGW denies the allegations contained in Paragraph 6.

7.    LGW denies the allegations contained in Paragraph 7.

8.    LGW denies the allegations contained in Paragraph 8.  Further responding, said paragraph contains conclusions of law for which no response is required.

9.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9 and calls upon the plaintiff to prove same.

10.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10 and calls upon the plaintiff to prove same.

11.    LGW denies the allegations contained in Paragraph 11.

12.    LGW denies the allegations contained in Paragraph 12.

13.    LGW admits that it received the correspondence that is attached to the Complaint as Exhibit A on April 9, 2009. Further responding, LGW denies that Exhibit A constitutes a proper request for verification of the account at issue under the FDCPA.  LGW also denies that Exhibit A creates any obligation on the part of LGW as purported to exist therein and denies the existence of any contractual relationship between LGW and the plaintiff.

14.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14 and calls upon the plaintiff to prove same.  Further responding, LGW states that Exhibit C does not state the information that the plaintiff asserts that it provides.

15.    LGW denies the allegations contained in Paragraph 15.

16.    LGW admits that it received correspondence from the plaintiff on June 17, 2009. Further responding, LGW denies that the referenced correspondence constitutes a proper request for verification under the FDCPA, and LGW denies that that it failed to provide the plaintiff with verification of the debt.    Responding further still, LGW denies that the referenced correspondence creates any obligation on the part of LGW as stated therein and denies the existence of any contractual relationship between LGW and the plaintiff.

17.    LGW admits that it received correspondence from the plaintiff attached to the complaint as Exhibit B on June 17, 2009, but denies the remaining allegations contained in Paragraph 17.  Further responding, LGW denies that Exhibit B creates any obligation on the part of LGW as stated therein and denies the existence of any contractual relationship between LGW and the plaintiff.

18.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18 and calls upon the plaintiff to prove same.

19.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19 and calls upon the plaintiff to prove same.

20.    LGW denies the allegations contained in Paragraph 20.  Further responding, LGW denies that it has an obligation to report any such notice of dispute to credit reporting agencies and also denies that the FRCA is applicable to LGW or relevant to the actions/omissions alleged against LGW.

21.    LGW denies the allegations contained in Paragraph 21.  Further responding, LGW denies that the FRCA is applicable to LGW or relevant to the actions/omissions alleged against LGW.

22.    LGW denies the allegations contained in Paragraph 22. Further responding, LGW denies that it has an obligation to report any such notice of dispute to credit reporting agencies, denies that the notice of dispute sent to LGW is a timely or otherwise constitutes a proper exercise of any rights the plaintiff may have had under the FRCA and also denies that the FRCA is applicable to LGW or relevant to the actions/omissions alleged against LGW.

### COUNT 1 – VIOLATIONS OF FAIR CREDIT REPORTING ACT

23.    LGW repeats its responses to Paragraphs 1 through 22 above and incorporates them as if specifically set forth herein.

24.    LGW admits that the plaintiff correctly recites portions of 15 U.S.C. § 1861s-2. Further responding, LGW states that this statute, being in writing, speaks for itself. Responding further still, LGW denies that the quoted statute is applicable to LGW or relevant to the actions/omissions alleged against LGW.

25.    LGW lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25 and calls upon the plaintiff to prove same.

26.    LGW admits that plaintiff correctly recites portions of 15 U.S.C. § 1681n. Further responding, LGW states that this statute, being in writing, speaks for itself. Responding further still, LGW denies that the quoted statute is applicable to LGW or relevant to the actions/omissions alleged against LGW.

27.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

### COUNT 2 – VIOLATION OF FAIR CREDIT REPORTING ACT

28.    LGW repeats its responses to Paragraphs 1 through 27 above and incorporates them as if specifically set forth herein.

196734.3

29.    LGW admits that the plaintiff correctly recites portions of 15 U.S.C. § 1861s-2. Further responding, LGW states that this statute, being in writing, speaks for itself. Responding further still, LGW denies that the quoted statute is applicable to LGW or relevant to the actions/omissions alleged against LGW.

30.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

31.    LGW admits that it received correspondences from the plaintiff identified as Exhibits A and B to the complaint, but denies the remainder of the allegations contained in Paragraph 31. Further responding, LGW denies that Exhibits A and B create any obligation on the part of LGW as stated therein, denies that the sending of the correspondence identified in Exhibits A and B constitutes timely or otherwise proper exercise of any rights the plaintiff may have had under the laws referenced therein and LGW denies the existence of any contractual relationship between LGW and the plaintiff.

32.    LGW denies the allegations contained in Paragraph 32.

33.    LGW admits that plaintiff correctly quotes portions of 15 U.S.C. § 1681n. Further responding, LGW states that this statute, being in writing, speaks for itself. Responding further still, LGW denies that the quoted statute is applicable to LGW or relevant to the actions/omissions alleged against LGW.

34.    LGW denies that it caused the plaintiff to be "denied credit at reasonable rates" through any action/omission it took or failed to take. LGW lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 34 and calls upon the plaintiff to prove same.

35.    LGW admits that plaintiff correctly quotes portions of 15 U.S.C. § 1681o. Further responding, LGW states that this statute, being in writing, speaks for itself. Responding further still, LGW denies that the quoted statute is applicable to LGW or relevant to the actions/omissions alleged against LGW.

36.    LGW denies that it caused the plaintiff to be "denied credit at reasonable rates" through any action/omission it took or failed to take. LGW lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 36 and calls upon the plaintiff to prove same.

37.    LGW denies the allegations contained in Paragraph 37.

38.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

## COUNT 3 – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

39.    LGW repeats its responses to Paragraphs 1 through 38 above and incorporates them as if specifically set forth herein.

40.    LGW admits that the plaintiff correctly quotes 15 U.S.C. § 1692g. Further responding, LGW states that this statute, being in writing, speaks for itself.

41.    LGW denies the allegations contained in Paragraph 41. Further responding, LGW states that Exhibit D attached to the complaint is an inaccurate and incomplete version of the correspondence that was sent to the plaintiff and that the letter sent to the plaintiff contained the required notice of rights required under the FDCPA.

42.    LGW admits that plaintiff correctly quotes portions of 15 U.S.C. § 1692k. Further responding, LGW states that this statute, being in writing, speaks for itself.

43.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

## COUNT 4 – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

44.    LGW repeats its responses to Paragraphs 1 through 43 above and incorporates them as if specifically set forth herein.

45.    LGW admits that the plaintiff correctly quotes 15 U.S.C. § 1692g.   Further responding, LGW states that this statute, being in writing, speaks for itself.

46.    LGW denies the allegations contained in Paragraph 46.   Further responding, LGW states that Exhibit D attached to the complaint is an inaccurate and incomplete version of the correspondence that was sent to the plaintiff and that the letter sent to the plaintiff contained the required notice of rights required under the FDCPA.

47.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

## COUNT 5 – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

48.    LGW repeats its responses to Paragraphs 1 through 47 above and incorporates them as if specifically set forth herein.

49.    LGW admits that the plaintiff correctly quotes portions of 15 U.S.C. § 1692e. Further responding, LGW states that this statute, being in writing, speaks for itself.   Further responding, LGW denies that the quoted statute is relevant or applicable to any action/omission alleged against LGW.

50.    LGW denies the allegations contained in Paragraph 50.   Further responding, LGW denies that the exhibits referenced by the plaintiff bear any relevance to the actions/omissions alleged against LGW.   Responding further still, LGW denies that any of the

exhibits referenced by the plaintiff create any obligation on the part of LGW as stated therein and denies the existence of any contractual relationship between LGW and the plaintiff.

51.    LGW denies that it is liable to the plaintiff in any way and denies that it is liable to the plaintiff for any of the prayers for relief sought.

WHEREFORE, Lustig, Glaser & Wilson, P.C hereby respectfully request that judgment be found in favor of it on all counts and further that it be awarded attorneys' fees and costs it incurred in defending this lawsuit which was brought by the plaintiff in bad faith and for the sole purpose of harassment, pursuant to 15 U.S.C. 1692k.

## JURY DEMAND

Lustig, Glaser & Wilson, P.C hereby demands a trial by jury on all counts so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed due to insufficient process.

### SECOND AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed due to insufficient service of process.

### THIRD AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed due to failure to join a party under Rule 19.

### FIFTH AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed for failure to commence action within the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Further answering, LGW states the Complaint must be dismissed as the defendant owed no duty to the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Further answering, LGW states that the Complaint must be dismissed as the defendant breached no duty to the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Further answering, LGW states that, if the plaintiff sustained damages as alleged, which the defendant denies, such damages were caused by a person or entity whose conduct LGW did not control and for whom the defendant is not legally responsible.

### NINTH AFFIRMATIVE DEFENSE

Further answering, LGW states that the conduct of LGW was not the proximate cause of any damage sustained by the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Further answering, LGW states that to the extent that the plaintiff suffered any damages, it was a result of a superseding and or intervening cause for which the defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

Further answering, LGW states that the plaintiff's alleged damages are speculative and cannot be established with reasonable certainty.

196734.3

**TWELFTH AFFIRMATIVE DEFENSE**

Further answering, LGW states that the plaintiff's claims are barred due to his failure to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Further answering, LGW states that upon information and belief, if any violations of the FDCPA are found, then, and in that event, the defendant is not liable pursuant to 15 U.S.C. § 1692k(c), as such violations were the result of bona fide errors, notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Further answering, LGW states it is entitled to attorneys' fees and costs it incurred in defending this lawsuit which was brought by the plaintiff in bad faith and for the sole purpose of harassment, pursuant to 15 U.S.C. 1692k.

Respectfully submitted,

LUSTIG, GLASER & WILSON, P.C
By its attorneys,


  /s/  Young B. Han
George C. Rockas, BBO# 544009
George.Rockas@wilsonelser.com
Young B. Han, BBO No. 664126
Young.Han@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Young B. Han, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those identified as non-participants on this 15th day of March 2010.

                        /s/ Young B. Han_____
                        Young B. Han

196734.3