IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory S. Corbett | ) |
| Plaintiff | ) |
| vs. | ) Case No.: 10-cv-10219 |
| | ) |
| CITIBANK (South Dakota), N.A.; | ) **Trial By Jury Demanded** |
| LUSTIG, GLASER & WILSON, P.C. | ) |
| Defendant(s) | ) |

## Motion to Quash Defendants Motion to Dismiss

1   Comes now the Plaintiff Gregory S. Corbett, in response to the Defendants Motion to Dismiss,

2   The Defendant CITIBANK (South Dakota), N.A. hereinafter "CITIBANK", has sited much case

3   law in their response.

4   Defendant claims there is no private right of action under 15 U.S.C. § 1681s-2(a), which governs

5   the duty of furnishers. The Plaintiff will clarify the law from the FCRA

6   **§ 602. Congressional findings and statement of purpose** [15 U.S.C. § 1681]
7   (a) *Accuracy and fairness of credit reporting.* The Congress makes the following findings:
8   (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate
9   credit reports directly impair the efficiency of the banking system, and unfair credit
10  reporting methods undermine the public confidence which is essential to the
11  continued functioning of the banking system.
12
13  **§ 603. Definitions; rules of construction** [15 U.S.C. § 1681a]
14  (a) Definitions and rules of construction set forth in this section are applicable for the
15  purposes of this title.
16  (b) <u>**The term "person" means any individual, partnership, corporation, trust, estate,**</u>
17  <u>**cooperative, association, government or governmental subdivision or agency, or other**</u>
18  <u>**entity.**</u>
19  (c) <u>**The term "consumer" means an individual.**</u>
20
21  **617. Civil liability for negligent noncompliance** [15 U.S.C. § 1681o]
22  (a) *In general.* <u>**Any person**</u> who is negligent in failing to comply with any requirement
23  imposed under this title with respect to any consumer is liable to that consumer in an
24  amount equal to the sum of
25  (1) any actual damages sustained by the consumer as a result of the failure; and

26  (2) in the case of any successful action to enforce any liability under this section, the
27  costs of the action together with reasonable attorney's fees as determined by the court.
28  (b) *Attorney's fees.* On a finding by the court that an unsuccessful pleading, motion, or other
29  paper filed in connection with an action under this section was filed in bad faith or for purposes
30  of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation
31  to the work expended in responding to the pleading, motion, or other paper.
32
33  **§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
34  [15 U.S.C. § 1681s-2]
35  (a) **Duty of Furnishers of Information to Provide Accurate Information**
36  (1) Prohibition
37  (A) *Reporting information with actual knowledge of errors.* A person shall not furnish any
38  information relating to a consumer to any consumer reporting agency if the person knows or has
39  reasonable cause to believe that the information is inaccurate.
40  (B) *Reporting information after notice and confirmation of errors.* A person shall not furnish
41  information relating to a consumer to any consumer reporting agency if
42  (i) the person has been notified by the consumer, at the address specified by the person for such
43  notices, that specific information is inaccurate; and
44  (ii) the information is, in fact, inaccurate.
45  (C) *No address requirement.* A person who clearly and conspicuously specifies to the consumer
46  an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A);
47  however, nothing in subparagraph (B) shall require a person to specify such an address.
48  (D) *Definition.* For purposes of subparagraph (A), the term "reasonable cause to believe that the
49  information is inaccurate" means having specific knowledge, other than solely allegations by the
50  consumer, that would cause a reasonable person to have substantial doubts about the accuracy of
51  the information.
52  (2) *Duty to correct and update information.* A person who
53  (A) regularly and in the ordinary course of business furnishes information to one or more
54  consumer reporting agencies about the person's transactions or experiences with any consumer;
55  and
56  (B) has furnished to a consumer reporting agency information that the person determines is not
57  complete or accurate, shall promptly notify the consumer reporting agency of that determination
58  and provide to the agency any corrections to that information, or any additional information, that
59  is necessary to make the information provided by the person to the agency complete and
60  accurate, and shall not thereafter furnish to the agency any of the information that remains not
61  complete or accurate.
62  (3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information
63  furnished by any person to any consumer reporting agency is disputed to such person by a
64  consumer, the person may not furnish the information to any consumer reporting agency without
65  notice that such information is disputed by the consumer.
66.
67  **Case Law to Support private right of action under 15 U.S.C. § 1681s-2(a),**

68  Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000).

69   A U.S. district court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 et seq.,
70 . permits consumers to bring private causes of action against furnishers of information to credit
71   reporting agencies who fail to properly investigate disputed credit information.

72   Here, a telephone services provider opened phone service accounts on behalf of third persons
73   who fraudulently used the names of other individuals. The provider subsequently enlisted the
74   services of collection agencies to satisfy the debts on the accounts. After being made aware of
75   the debts, the individuals whose names had been used notified the credit reporting agencies of
76   the fraud. After the individuals, collection agencies, and credit reporting agencies notified the
77   provider of the dispute, the provider reportedly failed to investigate. The individuals sued the
78   provider, alleging, among other claims, that defendant violated 1681s-2(b)(1) of the FCRA by
79   failing to properly investigate the disputed credit information. Defendant moved to dismiss,
80   arguing that plaintiffs lacked standing because the FCRA does not create a private right of action
81   for consumers.

82   Denying the motion, **the court agreed with the U.S. Supreme Court's** analysis-set forth in Cort
83   v. Ash, 95 S. Ct. 2080 (1975) for determining whether an implied private right of action exists
84   under a statute. The four factors are: whether (1) the plaintiff is a member of a class for whose
85   benefit the statute was enacted; (2) the legislative history indicates congressional intent, explicit
86   or implicit, either to create or deny such a remedy; (3) implying a private remedy would frustrate
87   the underlying purposes of the legislative scheme; and (4) the cause of action is one traditionally
88   relegated to state law.

89   **May it please the Court:** the Plaintiff has disputed with the Creditor CITIBANK (South

90   Dakota), N.A. and The Credit Reporting Agencies in the same time period and can produced

91   Certified Mailings of the Disputes as evidence in this case.

92   **FCRA PROVIDES PRIVATE CAUSE OF ACTION AGAINST FURNISHER OF**

93   **INFORMATION**

94   Gordon v. Greenpoint Credit, 266 F.Supp.2d 1007 (S.D.Iowa2003).
95
96   **IN THE UNITED STATES DISTRICT COURT**
97   **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
98   **RICHARD L. SHEFFER, :**
99   **Plaintiff,: CIVIL ACTION**
100  :
101  **v. :**
102  :
103  **EXPERIAN INFORMATION :**
104  **SOLUTIONS, INC., et al., : No. 02-7407**

**Defendants. :**
**MEMORANDUM AND ORDER**
**SCHILLER, J. February, 2003**

In its motion, Sears contends that Plaintiff's claim under the FCRA should be dismissed because consumers have no private right of action against a credit furnisher under 15 U.S.C. §1681s-2(b). In the alternative, Sears argues that Mr. Sheffer's allegations are legally insufficient because Plaintiff has failed to allege that a credit reporting agency has sent a dispute verification form to Sears. Sears also moves for the dismissal of Mr. Sheffer's defamation claim, arguing that the claim is preempted by the FCRA.

With respect to the issue of whether § 1681s-2(b) creates a cause of action for a consumer against a furnisher of credit information, Sears correctly notes that courts have reached different conclusions. However, a clear majority of courts that have addressed this issue has "effectively recognized Congress' obvious intent [to] create a private cause of action through § 1681s-2." *Vazquez-Garcia v. Trans Union De P.R., Inc.*, 222 F. Supp. 2d 150, 155 (D.P.R. 2002); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002) (describing purpose of § 1681s-2(b) as "provid[ing] some private remedy to injured consumers"). The reasoning in support of the majority view has been aptly summarized:

The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of §1681s-

129  2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit

130  Reporting Act compels the conclusion that there is a private right of action for consumers to

131  enforce the investigation and reporting duties imposed on furnishers of information.

132

133  **Defendant CITIBANK (SOUTH DAKOTA), N.A. states that the Plaintiff Fails to State a**

134  **Claim upon which relief can be granted:**

135  In considering a motion to dismiss for failure to state a claim upon which relief can be granted,

136  courts must accept as true all of the factual allegations pleaded in the complaint and draw all

137  reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied*

138  *Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir.

139  2001).

140  Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to

141  the plaintiff under any set of facts that could be proven consistent with the complaint's

142  allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355

143  U.S. 41, 45-46 (1957).

144  The Plaintiff moves this honorable court to Quash Motion to Dismiss and set these proceedings

145  to Rule 26f.

146  The plaintiff will prepare Parties Planning Meeting and submit to the Court within 45 days upon

147  order to 26f.

Respectfully submitted this 12 day of March, 2010.

By: _____
Gregory S. Corbett, Pro Se
17 Florence Street
Attleboro, Massachusetts 02703
Phone: 401 486-1447

5