UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10219-RWZ

GREGORY S. CORBETT

v.

CITIBANK (South Dakota), N.A.
and LUSTIG, GLASER & WILSON, P.C.

ORDER
October 12, 2010

ZOBEL, D.J.

Plaintiff, Gregory S. Corbett, feels aggrieved by the alleged failure of defendant Citibank (South Dakota), N.A. ("Citibank") to inform national credit reporting agencies ("CRA") that plaintiff disputed certain adverse information they had received, apparently from Citibank, and by Citibank's alleged failure to investigate plaintiff's claim and report the presumably favorable results to the CRAs.  He brought this action, pro se, against Citibank and its counsel, Lustig, Glaser & Wilson, P.C. ("LGW"), for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act and damages for his consequent losses.  After Citibank moved to dismiss the complaint against it, plaintiff sought to amend his pleading which request was allowed without prejudice to the then pending motion to dismiss.  The amended complaint, like the original one, is in five counts, but, unlike the original version which included both defendants in each count, the amendment is more discreet.  Counts 1 and 2 charge

only Citibank with violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681s-2(a) and 2(b), and Counts 3, 4, and 5 claim only against LGW for violations of the Fair Debt Collection Act, 15 U.S.C. §§1692g(a)(4) and 1692g(b).  Both defendants filed dispositive motions.

LGW moved for judgment on the pleadings of the original complaint and asks that, in light of the amendment, the motion be treated as one to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket # 16).   The motion is allowed without opposition.

Citibank moved to dismiss the original complaint which motion the court preserved as applicable to the amended complaint (Docket # 6).  Plaintiff has moved to quash the motion to dismiss (Docket # 12) which I will treat as an opposition to the motion to dismiss.

As noted above, only Counts 1 and 2 name Citibank and they assert violations of two provisions of the Fair Credit Reporting Act.  First, plaintiff cites and recites both subsections in each count, but to the extent he gives any facts, he appears to charge that defendant failed to provide accurate information to CRAs and thus violated its duty under §1681s-2(a), and that it failed to investigate any reports of a dispute by the CRAs, which violated its duty to do so under §1681s-2(b).

Count 1 alleges that "information from Defendant on the Experian, Trans Union and Equifax credit reports of the Plaintiff does not reflect that the information is disputed by the consumer" and plaintiff claims damages for that "willful noncompliance" in accordance with §1681n.  However, Citibank points out, correctly, that subsection (c) of §1681s-2 explicitly excludes a private right of action under §§ 1681n and 1681o for,

respectively, willful and negligent violations of subsection (a) of § 1681s-2. Thus, the remedy plaintiff claims in Count 1 simply does not exist.

The only allegation of wrongdoing in Count 2 is contained in Paragraphs 31 and 32:

> 31. Plaintiff has notified Defendant by certified mail that the Plaintiff disputes the inaccurate information.
>
> 32. Defendant continues to report the alleged debts on Plaintiff's Experian, Trans Union and Equifax credit reports to date.

These facts do not support the claim asserted under § 1681s-2(b) in Count 2, that defendant failed to conduct an investigation with respect to the disputed information, to review all relevant information provided by the CRA, to report the results thereof to the CRA, and if the information is found to have been inaccurate, to take remedial steps, as required by subsection (b). Count 2 simply does not show that plaintiff is entitled to relief. See Fed. R. Civ P. 8.

For the reasons stated, the motion to dismiss Counts 1 and 2 is allowed. Judgment may be entered dismissing the complaint in its entirety.

|       October 12, 2010       |       /s/Rya W. Zobel       |
|            DATE              |        RYA W. ZOBEL         |
|                              | UNITED STATES DISTRICT JUDGE |